IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



JAMES C. BALIUS, EDWARD D. ROSS, JR.,
MICHAEL A. CANNETTE, AUGUST J. DEROUEN, III,
TIMOTHY SEYMOUR, JOHN D. FRANKLIN, JR.,
JOHN D. FRANKLIN, III, JEFFREY POWELL,
CLINT STERLING, CASEY C. BRUNNER,
DAVID C. WALLIS, SR., CHRISTOPHER WALLIS,
and OTTO A. WALLIS, IV                                                                PLAINTIFFS

VS.                                                                       CASE NO. 1:10cv२V२ LG-RHW

BP, plc, BP PRODUCTS NORTH AMERICA, INC.,
BP AMERICA, INC.
TRANSOCEAN, LTD., TRANSOCEAN OFFSHORE
DEEPWATER DRILLING, INC., TRANSOCEAN
DEEPWATER, INC., HALLIBURTON ENERGY
SERVICES, INC., CAMERON INTERNATIONAL
CORPORATION, ANADARKO PETROLEUM
CORPORATION, MOEX OFFSHORE, 2007, LLC,
TRITON ASSET LEASING GmbH, WEATHERFORD
INTERNATIONAL, LTD., JOHN DOES 1-20,
and XYZ COMPANIES 1-20                                                                DEFENDANTS

**COMPLAINT**

**JURY TRIAL DEMANDED**

COME NOW James C. Balius, Edward D. Ross, Jr., Michael A. Cannette, August J. Derouen, III, Timothy Seymour, John D. Franklin, Jr., John D. Franklin, III, Jeffrey Powell, Clint Sterling, Casey D. Brunner, David Wallace, as follows:

**PARTIES**

**1. Plaintiffs**

(a)   James C. Balius is a Mississippi citizen and resident of Jackson County, Mississippi. Mr. Balius is a commercial fisherman who derives income from the Gulf of Mexico, and has

Page 1 of 13

incurred, and will continue to incur damages as a result of the events described herein.

(b) Edward D. Ross, Jr. is a Mississippi citizen and resident of Jackson County, Mississippi. Mr. Ross is a commercial fisherman who derives income from the Gulf of Mexico, and has incurred, and will continue to incur damages as a result of the events described herein.

(c) Michael A. Cannette is a Mississippi citizen and resident of Jackson County, Mississippi. Mr. Cannette is a commercial fisherman who derives income from the Gulf of Mexico, and has incurred, and will continue to incur damages as a result of the events described herein.

(d) August J. Derouen, III is a Mississippi citizen and resident of Jackson County, Mississippi. Mr. Derouen is a commercial charter boat fisherman who derives income from the Gulf of Mexico, and has incurred, and will continue to incur damages as a result of the events described herein.

(e) Timothy Seymour is a Mississippi citizen and resident of Harrison County, Mississippi. Mr. Seymour is a commercial fisherman who derives income from the Gulf of Mexico, and has incurred, and will continue to incur damages as a result of the events described herein.

(f) John D. Franklin, Jr. is a Mississippi citizen and resident of Harrison County, Mississippi. Mr. Franklin is a commercial fisherman who derives income from the Gulf of Mexico, and has incurred, and will continue to incur damages as a result of the events described herein.

(g) John D. Franklin, III. is a Mississippi citizen and resident of Harrison County, Mississippi. Mr. Franklin is a commercial fisherman who derives income from the Gulf of Mexico, and has incurred, and will continue to incur damages as a result of the events described herein.

(h) Jeffrey Powell is a Mississippi citizen and resident of Harrison County, Mississippi. Mr.

(i)     Powell is a commercial fisherman who derives income from the Gulf of Mexico, and has incurred, and will continue to incur damages as a result of the events described herein.

(i)     Clint Sterling is a Mississippi citizen and resident of Hancock County, Mississippi. Mr. Sterling is a commercial fisherman who derives income from the Gulf of Mexico, and has incurred, and will continue to incur damages as a result of the events described herein

(j)     Casey C. Brunner is a Mississippi citizen and resident of Forrest County, Mississippi. Mr. Brunner is a commercial fisherman who derives income from the Gulf of Mexico, and has incurred, and will continue to incur damages as a result of the events described herein.

(k)     David C. Wallis, Sr. is a Mississippi citizen and resident of Harrison County, Mississippi. Mr. Wallis is a commercial fisherman who derives income from the Gulf of Mexico, and has incurred, and will continue to incur damages as a result of the events described herein.

(l)     Christopher Wallis is a Mississippi citizen and resident of Harrison County, Mississippi. Mr. Wallis is a commercial fisherman who derives income from the Gulf of Mexico, and has incurred, and will continue to incur damages as a result of the events described herein.

(m)     Otto A. Wallis, IV is a Mississippi citizen and resident of Harrison County, Mississippi. Mr. Wallis is a commercial fisherman who derives income from the Gulf of Mexico, and has incurred, and will continue to incur damages as a result of the events described herein.

## 2. Defendants

(A)     BP, plc (hereinafter collectively referred to, along with entities described in (B) and (C) below, as "BP") is a foreign corporation doing business within the jurisdictional limitation of this District;

(B)   BP Products North America, Inc. (hereinafter collectively referred to, along with entities described in (A) an as "BP") is a Delaware corporation doing business within the jurisdictional limitation of this District;

(C)   BP America, Inc. is a Maryland corporation (hereinafter collectively referred to, along with entities described in (A) and (B), as "BP") doing business within the jurisdictional limitation of this District;

(D)   Transocean, Ltd. is a foreign corporation doing business within the jurisdictional limitation of this District;

(E)   Transocean Offshore Deepwater Drilling, Inc. is a Delaware corporation, is affiliated with Transocean, Ltd., and is doing business within the jurisdictional limitation of this District;

(F)   Transocean Deepwater Inc. is a Delaware corporation, is affiliated with Transocean, Ltd., and is doing business within the jurisdictional limitation of this District;

(G)   Halliburton Energy Services, Inc. ("Halliburton") is a Delaware corporation doing business within the jurisdictional limitation of this District;

(H)   Cameron International Corporation ("Cameron") is a Delaware corporation doing business within the jurisdictional limitation of this District.

(I)   Anadarko Petroleum Corporation is a Maryland corporation doing business within the jurisdiction limitation of this District. It owns a 25% stake in the Macondo prospect lease where the oil spill originated.

(J)   MOEX Offshore 2007, LLC ("MOEX") is a Delaware corporation with a 10% stake in the Macondo prospect lease where the oil spill originated.

(K)    Triton Asset Leasing GmbH ("Triton") is a Transocean Ltd.-affiliated foreign entity who owned and/or operated the Deepwater Horizon and participated in drilling on the rig where the oil spill originated.

(L)    Weatherford International, Ltd. ("Weatherford") is a foreign corporation that was involved in the casing process which suffered a blowout and/or loss of integrity which lead to the fire and explosion on the Deepwater Horizon, the subsequent oil spill, and the Plaintiffs' ongoing damages.

(M)    John Does 1-20 are unknown individuals who may have caused or contributed to the events described herein which proximately caused the Plaintiffs' damages. All allegations in this Complaint are incorporated by reference against John Does 1-20. Such individuals will be joined in this action in accordance with the Federal Rules of Civil Procedure upon discovery of their identities.

(N)    XYZ Companies 1-20 are unknown companies who may have caused or contributed to the events described herein which proximately caused the Plaintiffs' damages. All allegations in this Complaint are incorporated by reference against XYZ Companies 1-20. Such companies will be joined in this action in accordance with the Federal Rules of Civil Procedure upon discovery of their identities.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and (a)(2), because

the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and involves Defendants who are incorporated in another state and/or incorporated in a foreign state; this Court also has jurisdiction pursuant to 28 U.S.C. § 1331, because the claims asserted herein arise under the laws of the United States of America, and also pursuant to 43 U.S.C. §§ 1331 (1), which extends exclusive federal jurisdiction to the outer Continental Shelf. This Court also has personal jurisdiction over the Defendants under Miss. Code Ann. § 13-3-57 since the Defendants have committed one or more torts in whole or in part against the Plaintiffs in Mississippi.

## FACTS

4.

On or about April 20, 2010, Transocean, Ltd., Transocean Offshore, Transocean Deepwater and/or Triton (collectively "Transocean") are the owners and operators of the Deepwater Horizon, a semi-submersible mobile drilling rig. The rig was performing completion operations for BP on the outer Continental Shelf above the site from which the oil spill now originates.

5.

BP, Anadarko, and MOEX (collectively "Leaseholders") hold a lease granted by the Minerals Management Service that allows the Leaseholders, or each of them, to drill for oil and perform oil production-related operations at the site on which the Deepwater Horizon exploded and sank, and from which the oil resultantly began to spew from the ocean floor. The Leaseholders, or each of them, have held the aforementioned lease prior to and during the explosion of the Deepwater Horizon, which occurred on April 20, 2010.

6.

BP and/or Transocean operated and/or directed operation of the oil well that is the source of the oil spill.

7.

BP directed Transocean and/or Halliburton on cementing operations involved completion operations, and/or other operations of the Deepwater Horizon.

8.

Cameron manufactured the Deepwater Horizon's blowout preventers, and as a result of its negligent and/or defective selection, design and/or construction, one or more of those blowout preventers failed to operate properly, which caused blowout, that proximately caused the oil spill and resultant ongoing damages to the Plaintiffs. Had the blow preventer(s) operated properly, each such blowout preventer would have prevented the oil spill. Because they did not, Cameron is liable to the Plaintiffs for their ongoing damages.

9.

Halliburton was negligent and/or grossly negligent in performing cementing operations of the well and well cap, and such negligence and/or gross negligence actually and proximately caused the events which directly led to the oil spill and resultant ongoing damages to the Plaintiffs.

10.

BP directed Halliburton on its cementing operations, and because BP's negligence and/or gross negligence in its direction of cementing operations of the well and well cap actually and proximately caused the events which directly led to the oil spill and resultant ongoing damages to the Plaintiffs.

11.

At all times material in regard to this action against the Defendants, the Deepwater Horizon was owned, manned, possessed, managed, controlled, chartered and/or operated by BP, collectively or in-part by the Leaseholders, and/or Transocean.

12.

The fire, explosion, and sinking of the Deepwater Horizon, and the resultant oil spill were caused by the negligence and/or gross negligence of the Defendants, and the Defendants are jointly and liable to the Plaintiffs for their ongoing damages.

13.

The Defendants violated various statutes and regulations, both state and federal, including regulations issued by OSHA and the United States Coast Guard, including the requirement to test sub-sea blowout preventers at regular intervals. Such violations caused the Plaintiffs' ongoing damages.

14.

BP's instruction to Halliburton to replace drilling fluid with seawater prior to setting the cement plug in the drilling tube, and Halliburton's carrying out of that instruction, despite the normal procedure, was an act of negligence on both parties which ultimately led to the fire, explosion, and sinking of the Deepwater Horizon, and resultant oil spill, which was the actual and proximate cause of the Plaintiffs' ongoing damages.

15.

The resultant oil spill, for which the Defendants are jointly and severally liable, has been spewing from over 500,000 gallons of oil to well over a two million gallons of oil in the Gulf of Mexico each

day from April 20, 2010, to the present day.

16.

The sudden, catastrophic failure of the drilling casing and/or cement was due to the negligence and/or gross negligence of BP and/or Halliburton, such negligence and/or gross negligence being the sole proximate cause of the Plaintiffs' ongoing damages.

17.

The Defendants BP, Halliburton, and/or Transocean were negligent and/or grossly negligent in their decision to pull the drilling lubricant early, and their failure to react to the unusual pressure-test readings prior to the explosion, and such negligence and/or gross negligence proximately caused the Plaintiffs' ongoing damages.

18.

Based upon information and belief, BP's use of oil dispersant in a manner and under conditions in which such dispersant has not previously been used or tested is negligent and/or grossly negligent, and such negligence and/or gross negligence is the sole proximate cause and/or a contributing cause of the Plaintiffs' ongoing damages.

19.

The Defendants knew of the dangers associated with deep water drilling and were negligent and/or grossly negligent in failing to take necessary measures which would have prevented the fire, explosion, and sinking of the Deepwater Horizon, and resultant oil spill and ongoing damages of the Plaintiffs

20.

Transocean and/or BP and/or the Leaseholders was/were negligent while performing tests which concerned the blowout preventer (or preventers) when a crewman negligently moved the drill pipe 15 feet through the closed blowout preventer, which, based upon information and belief, destroyed the rubber annular gasket which would have prevented gas from escaping the well.

21.

Transocean and/or BP and/or the Leaseholders was/were further negligent and/or grossly negligent in disregarding and/or failing to recognize evidence that the blowout preventer annular gasket was destroyed during testing, which it knew or should have known, when chunks of the annular was found in drilling fluid. Because Transocean and/or BP and/or the Leaseholders breached their duty in failing to address the evidence of the destroyed annular gasket, failing to replace the gasket and/or replace the blowout preventer (from which the destroyed annular gasket originated) in its entirety, and/or failing to install an additional blowout preventer above the one which was rendered ineffective due to the destruction of its annular gasket, the Deepwater Horizon rig experienced a fire, explosion, and subsequent sinking, which led to the resultant oil spill and which caused the Plaintiffs' damages.

### FIRST CAUSE OF ACTION: NEGLIGENCE

22.

The Plaintiffs reallege each and every allegation set forth above as if fully repeated herein.

23.

The fire, explosion, and resultant oil spill were caused by the negligence and/or gross negligence of the Defendants in their actions and/or omissions.

24.

In addition to the preceding allegations, in the alternative, the injuries and damages suffered by the Plaintiffs were caused by acts and/or omissions of the Defendants that are beyond proof by the Plaintiffs, but which were within the knowledge and control of the Defendants, there being no other possible conclusion than the fire, explosion, sinking of the Deepwater Horizon, and resultant oil spill would not have occurred but for the negligence of the Defendants, therefore the Plaintiffs plead the doctrine of *res ipsa loquitur*.

## SECOND CAUSE OF ACTION: LIABILITY UNDER THE OIL POLLUTION ACT

25.

The Plaintiffs reallege each and every allegation set forth above as if fully repeated herein.

26.

BP is liable under the Oil Pollution Act, since BP is the party responsible for discharging oil into the Gulf of Mexico, and for all damages which result from the discharge. 33 U.S.C. § 2702.

27.

Because the Plaintiffs have been damaged, and continued to be damaged as a result of the oil spill, BP is liable to the Plaintiffs for their damage pursuant to 33 U.S.C. § 2702(b)(2)(C).

28.

BP is responsible for the oil spill, and BP is liable for the damages incurred by the Plaintiffs as a result of the oil spill, including "loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources" as stated under 33 U.S.C. § 2702(b)(2)(E).

## THIRD CAUSE OF ACTION: NUISANCE

29.

The Plaintiffs reallege each and every allegation set forth above as if fully repeated herein.

30.

The Plaintiffs have both personal and business interests and right to use the State and Federal waters of the Gulf of Mexico.

31.

The oil spill which resulted from the Defendants' actions, delineated in this Complaint, have unreasonably interfered with the Plaintiff's use and enjoyment, and right to use an enjoy the State and Federal waters of the Gulf of Mexico, or significant and normally accessible portions thereof.

32.

The oil spill which resulted from the Defendants' actions, which were intentional, unreasonable, and/or negligent, grossly negligent, wanton, and/or reckless, as delineated in this Complaint, constitutes both a public and private nuisance for which the Defendants, or any of them, are liable.

## DAMAGES

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants for damages as follows:

a.  Actual, consequential, and compensatory damages

b.  Punitive damages

c.  Pre-judgment and post-judgment interest

d.  Attorney's fees and litigation costs and expenses

e.  All such other relief available under state and federal law, and any other relief the court deems appropriate

RESPECTFULLY SUBMITTED, this the 10th day of June, 2010.

> JAMES C. BALIUS, EDWARD D. ROSS, JR.,
> MICHAEL A. CANNETTE, AUGUST J. DEROUEN, III,
> TIMOTHY SEYMOUR, JOHN D. FRANKLIN, JR.,
> JOHN D. FRANKLIN, III, JEFFREY POWELL,
> CLINT STERLING, CASEY C. BRUNNER,
> DAVID C. WALLIS, SR., CHRISTOPHER WALLIS,
> and OTTO A. WALLIS, IV

BY:  S\ *David Krause*
     ATTORNEY FOR PLAINTIFFS

DAVID KRAUSE
MISSISSIPPI BAR NO. 101188
1211 GOVERNMENT STREET
OCEAN SPRINGS, MS 39564
(228) 235-1587
KRAUSE@LAW-DOG.COM

P.O. BOX 646
OCEAN SPRINGS, MS 39566